## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LAMONTE L. PURIFOY,<br>        Appellant, | DOCKET NUMBER<br>CH-0752-14-0185-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>        Agency. | DATE: June 11, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lamonte L. Purifoy, Milwaukee, Wisconsin, pro se.

Erin Buck Kaiser, Esquire, Milwaukee, Wisconsin, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 40-day suspension.  For the reasons discussed below, we GRANT the petition for review.  We AFFIRM the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

decision to the extent that it sustained the charges and found nexus. We REVERSE the administrative judge's decision to mitigate the penalty.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency hired the appellant as a housekeeping aid. Initial Appeal File (IAF), Tab 10 at 101. Due to a prior criminal conviction, the appellant was on parole and therefore supervised by a probation and parole agent at the time of his employment. Hearing Transcript (HT) at 5-7. The appellant sought in-patient treatment at an agency facility. IAF, Tab 10 at 39. Prior to this treatment, the appellant had committed several probation violations; he also missed meetings with his probation and parole agent while he was in treatment. IAF, Tab 35 at 29. Due to these parole violations, a warrant was issued for the appellant's arrest. HT at 7-9. After hearing of the arrest warrant, the appellant discharged himself from the agency facility, turned himself in to authorities, and entered a state facility. HT at 10. Prior to the appellant's entrance into the state facility, his third-level supervisor told the appellant that he had to request leave for his absence, but the appellant did not do so. HT at 109-10.

¶3 Sometime after the appellant entered the state facility, he also entered a treatment program within the facility. IAF, Tab 9 at 6-7. He was later discharged from the treatment program, though, due to misconduct. IAF, Tab 35 at 24. While the appellant was in the state facility, the agency sent him a duty status letter directing him to return to work and/or to provide medical documentation, IAF, Tab 10 at 81, but he did not respond. The appellant briefly returned to work approximately 2 months later, after leaving the state facility. *Id*. at 80. However, the agency subsequently proposed the appellant's removal based upon his unexcused and continued absence from work, including the time he was receiving treatment at the agency facility. *Id*. at 74-76. The agency revised the proposal to include two charges of unauthorized absences, which excluded the time that the appellant was receiving treatment at the agency facility. *Id*. at 57-58.

Specifically, as to the second charge, the agency charged the appellant with an extended period of unauthorized absences from approximately May 7, 2013, until the date of the proposed removal. *Id*. at 27-29, 57-58. The agency stated that, during some or all of that time, the appellant was incarcerated and had not reported to work. *Id*. at 57.

¶4 The appellant filed an appeal of this removal. IAF, Tab 1. After holding a hearing, the administrative judge found that the agency proved both charges, but determined that the second charge should be sustained for a shorter time period than alleged. IAF, Tab 40, Initial Decision (ID) at 6-10. In particular, she found that the agency did not dispute that it had authorized the appellant to receive treatment for an indefinite time period and that this treatment initially was provided in an agency facility. ID at 6. The administrative judge next found that, subsequent to his treatment in the agency facility, the appellant was in a state facility with the primary purpose of receiving treatment. ID at 9. However, she found that the appellant was incarcerated for 38 days after being terminated from the treatment program and therefore sustained the charge for 38 days. *Id*. The administrative judge sustained the second charge based upon the shorter time period and, after considering the relevant *Douglas* factors, mitigated the penalty to a 40-day suspension. ID at 11-13.

¶5 The agency has timely petitioned for review asserting that the appellant's removal should be sustained. Petition for Review (PFR) File, Tab 1. The agency argues that, after the appellant voluntarily left the agency treatment facility, he was incarcerated beginning from his entrance into the state facility until leaving the state facility. *Id*. at 9-10. The appellant has filed a response, PFR File, Tab 3, and the agency has filed a reply, PFR File, Tab 4.

¶6 The administrative judge's decision not to sustain the second unauthorized absence charge for the entire time period and instead to only sustain the charge for 38 days was, in effect, a determination that the agency did not prove all specifications of that charge. *See Young v. Department of Veterans*

*Affairs*, 83 M.S.P.R. 187, ¶¶ 18-19 (1999). Where more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990). The agency argues on review that the administrative judge should have sustained the second charge in full. PFR File, Tab 1 at 10-11. We need not address that argument because, for the reasons set forth below, we find that the penalty of removal was appropriate even if the second charge was proven only in part.

¶7        In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), the Board set forth a nonexhaustive list of twelve factors that are relevant in assessing the penalty to be imposed for an act of misconduct. Where, as here, all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 29 (2009). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010). The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management judgment has been properly exercised and that the agency's selected penalty does not exceed the maximum limits of reasonableness. *Id*. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id*.

¶8        The administrative judge found that the agency based its penalty determination on the severity of the misconduct and the appellant's past disciplinary record, but she found these factors weighed in favor of mitigation

because the total 40-day period of unauthorized absence that the agency ultimately proved was less severe than the conduct that the agency originally had charged; she also noted that this was the appellant's first offense. ID at 11-12; *see* IAF, Tab 10 at 35-36. Although the administrative judge sustained the unauthorized absence charge for fewer days than originally charged, we disagree that the lesser sustained 40-day absence served as a significantly mitigating factor because an unauthorized absence charge of 40 days remains a serious charge. *See Thom v. Department of the Army*, 114 M.S.P.R. 169, ¶ 7 (2010) (citing *Foreman v. U.S. Postal Service*, 89 M.S.P.R. 328, ¶ 17 (2001) (being absent without leave (AWOL) for 16 days is serious)). In addition, we note that the deciding official testified that he had to supplement staffing due to the appellant's lengthy absence. HT at 62. Therefore, although the appellant's lack of a disciplinary record was a mitigating factor that the deciding official properly considered, we find that the appellant's extended absence weighs against mitigation. *See Leach v. Department of Veterans Affairs*, 107 M.S.P.R. 229, ¶¶ 14-15 (2007) (sustaining a removal where mitigating factors were outweighed by the appellant's extended absence that placed additional workload on his coworkers).

¶9      The administrative judge also found that the appellant was not on clear notice that his continued absence from work would result in severe discipline because the agency had told the appellant that he could be away from work to obtain treatment. ID at 12. We disagree. The appellant's third-level supervisor testified that he told the appellant that he was required to request leave for the time period he was in the state facility. HT at 111-13.

¶10     Additionally, the administrative judge found that a 40-day suspension was consistent with the agency's table of penalties, noting that the agency considered the appellant's absence as a third offense because his continuing and extended absence was classified as more than one offense under agency guidance. ID at 12; *see* IAF, Tab 10 at 142, 144. However, pursuant to the agency's table of penalties, the penalty for a third offense of unexcused or unauthorized absence is

a 14-day suspension to removal. IAF, Tab 10 at 144. Therefore, we find that the agency's chosen penalty, which is entitled to deference, is also consistent with the table of penalties.

¶11    As to mitigating factors, the administrative judge found that the appellant cared about his job and had a good work history. ID at 12. The deciding official considered the appellant's service and work performance, particularly his exceptional rating in certain critical elements on his performance review. HT at 54, 63-65; *see* IAF, Tab 10 at 35, 37. We see no reason to disturb the administrative judge's finding concerning the appellant's brief, but good, work history. IAF, Tab 10 at 121-28. We also note that the deciding official considered as a mitigating factor that the appellant was seeking treatment for a disabling condition. HT at 65; IAF, Tab 10 at 37. However, he found that this factor was not significantly mitigating as the appellant was not fully pursuing rehabilitation for his problem. HT at 65. We find that the deciding official's consideration of the appellant's condition was appropriate. *See Tate v. Department of Defense*, 57 M.S.P.R. 180, 190 (1993) (considering in the penalty analysis the appellant's lack of rehabilitation potential due to his refusal to seek treatment); *see also Bishopp v. Department of the Air Force*, 75 M.S.P.R. 33, 41 (1997) (noting that the appellant's failure to bring her mental health condition to the agency's attention and the fact that she initially did not cooperate in seeking treatment could indicate a lack of rehabilitative potential).

¶12    We conclude that the deciding official considered the relevant *Douglas* factors and that the penalty of removal falls within the tolerable limits of reasonableness.[2] *See Maddux v. Department of the Air Force*, 68 M.S.P.R. 644, 645-46 (1995) (removal is a reasonable penalty for approximately 2 weeks of

---

[2] The administrative judge provided mixed-case appeal rights in the initial decision. ID at 15-20. Because the appellant has not raised a discrimination claim, however, we find that these rights were provided in error and instead provide the correct notice below. *Harrison v. Department of Veterans Affairs*, 96 M.S.P.R. 571, ¶ 3 nn.1-2 (2004).

AWOL despite the fact that there were mitigating factors, including the employee's length of service and his personal problems).  Accordingly, we REVERSE the administrative judge's decision to mitigate the penalty and we SUSTAIN the appellant's removal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at <u>http://www.mspb.gov/probono</u> for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.